IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY CHARLES SANDIFER, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:09-CV-01638-K |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div., | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* petition for habeas corpus relief submitted by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is currently confined within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) at the Terrell Unit in Rosharon, Texas. Respondent is the Director of TDCJ-CID.  The court has not issued process in this case.

Statement of the Case:  Petitioner was convicted of unauthorized use of a motor vehicle and was sentenced to twenty-five years imprisonment. *State v. Sandifer*, No. F90-35106 (Crim. Dist. Court No. 5, Dallas County), *affirmed*, No. 05-91-00548-CR (Tex. App. - Dallas Apr. 9, 1992).  On December 23, 2002, the Pardons and Paroles Division of TDCJ released petitioner to

serve the remainder of his sentence on mandatory supervision or parole. On April 9, 2007, his parole was revoked and he returned to TDCJ. (*See* Fed. Pet. at ¶ 13).

On October 1, 2008, Petitioner filed an art. 11.07 application in the convicting court. *(See* Letter from Dallas County District Clerk, confirming filing, attached to Pet's October 8, 2009 Response). The Texas Court of Criminal Appeals denied the state application without written order on May 13, 2009. (Sep. 23, 2009 Pet. at ¶ 11).[1]

On September 1, 2009, Petitioner filed the federal petition in this case. In four grounds, he challenges his parole revocation and the denial of street-time credits for the time he served on parole.[2]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see also* Rule 4 of the Rules Governing § 2254 proceedings (West 2009). In accordance with *Kiser*, the court issued an order on September 29, 2009, advising Petitioner of the one-year statute of

---

[1] The court has confirmed the above date on the Texas Court of Criminal Appeals website. *See  Ex parte Sandifer*, No. WR-29,210-02.

[2] The clerk opened this case on the basis of a pleading dated July 14, 2009, and titled "Notice of Appeal." Attached to the pleading was an August 18, 2009 letter from the Fifth Circuit Court of Appeals, reflecting that petitioner had initially mailed the pleading to that court and that it was returning the same to petitioner. By letter dated August 25, 2009, petitioner then mailed the "Notice of Appeal" to this court for filing.
For purposes of this recommendation, the petition (styled as a "Notice of Appeal") is deemed filed on August 25, 2009, the earliest possible date on which petitioner presumably placed it in the prison mail addressed to this court. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (federal petition is deemed filed for determining application of the AEDPA when prisoner tenders it to prison officials for mailing); Rule 3(d) of the Rules Governing § 2254 proceedings.

limitations and granting him an opportunity to explain why his case is not time barred, or why the limitations period should be tolled on equitable grounds. Petitioner filed a response and two supplemental responses on October 8, 19 and December 4, 2009, respectively.

Since Petitioner does not challenge his underlying conviction, and does not allege any state-created impediment or newly recognized right, 28 U.S.C. § 2244(d)(1)(D) governs the limitations analysis. That section provides that the one year period runs from the time when a petitioner was or, with due diligence, should have been aware of the predicate facts of his habeas claims.

In the context of parole-revocation proceedings and the resultant loss or denial of street time credits, courts have determined that the very latest date, on which a petitioner could or should have been aware of his claims under subsection (D), was when the Board revoked his parole and recommitted him to TDCJ-CID. *See Heiser v. Johnson,* 263 F.3d 162, 2001 WL 803542, *2-3 (5th Cir. 2001) (unpublished per curiam) (one year period began to run on date board revoked petitioner's mandatory supervision); *Hill v. Quarterman*, No. 3:06cv409-G; 2008 WL 1904399, *2 (N.D.Tex. 2008) (unpublished) (same); *Biggins v. Dretke,* No. 3:03-CV2005-P, 2004 WL 1898255, at *2 (N.D. Tex. Aug.24, 2004) (unpublished) (same).[3]

The parole revocation claims at issue relate to facts and circumstances which occurred, were known, or should have been known to petitioner at the time of his parole revocation

---

[3] *See also Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009) (applying § 2244(d)(1)(D) to parole denial claims); *Kimbrell v. Cockrell,* 311 F.3d 361, 3363-64 (5th Cir. 2002) (applying 2244(d)(1)(D) in prison disciplinary cases resulting in loss of good time credits).

hearing in April 2007.  On May 25, 2007, petitioner filed a motion to reopen, which the Board denied on September 5, 2007.  (*See* Pet's Oct. 8, 2009 Response at 3 and attachments thereto).

By September 21, 2007, it appears petitioner received an "Inmate Timeslip," confirming that TDCJ had not given him credit for the "street time" he had served while on parole.  (*See* Attachment to September 23, 2009 petition).  Shortly thereafter, Petitioner sent a letter to the State Counsel for Offenders, inquiring about the denial of street-time credits.  By letter dated December 21, 2007, Melba Knobloch, Legal Assistant for the State Counsel for Offenders, informed petitioner that he was not entitled to street time credit because his pre-revocation warrant was issued before his mid-point date.  (*Id.*).

 In light of the above, the court concludes that the one-year statute of limitations for Petitioner's claims (parole revocation and street-time credit claims) began at the very latest on September 22, 2007, and that it expired on September 21, 2008.

Petitioner did not file his federal petition until August 25, 2009, the earliest possible date on which he can be deemed to have filed a pleading in this court.  *See* note 2 *supra*.  This was more than eleven months after the one-year period had elapsed.  Even assuming petitioner can be deemed to have filed his federal petition on July 14, 2009, when he mailed his pleading to the Fifth Circuit, *see* note 2 *supra*, his petition is still untimely by more than nine months.

Pursuant to 28 U.S.C. § 2244(d)(2), the one-year limitations period is statutorily tolled during the period a properly-filed state habeas application is pending in state court.  *Wilson v. Cain*, 564 F.3d 702, 704 (5th Cir. 2009).  Petitioner is not entitled to statutory tolling.  He filed his state habeas application on October 1, 2008, ten days after the limitations period had expired.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state application filed after federal

4

limitations period had expired could not toll one-year period for filing federal petition). Petitioner's contention that he is entitled to statutory tolling on the basis of letters he sent in late 2007 to the State Counsel for Offenders, and in August 2009 to the Texas Board of Pardons and Parole is unavailing. Neither letter constituted a properly filed state habeas application or a TDCJ administrative grievance. *See Kimbrell v. Cockrell*, 311 F.3d 361, 364 (5th Cir. 2002) (pendency of prison grievance procedures over loss of good-time credits tolls one-year period); *Villegas v. Johnson*, 184 F.3d 467, 469-470 (5th Cir. 1999) ("'properly filed application' is one that conforms with a state's applicable procedural filing requirements."). Accordingly, the federal petition is clearly time barred absent equitable tolling.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085 (2007) (quotations omitted), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."

The allegations in this case do not present the type of extraordinary circumstances and due diligence required for equitable tolling. Petitioner's own pleadings document substantial delays on his part, and he fails to offer any concrete explanation for his failure to pursue habeas corpus relief diligently. Petitioner delayed over one year and ten days after he allegedly learned of all his claims (parole revocation and street-time-credit) before he even filed his state habeas application. Following the denial of his state application, he waited an additional two months

until he mailed his "federal petition" to the wrong court. *See supra* note 2. These unexplained delays – clearly of Petitioner's own making – do not constitute due diligence or rare and extraordinary circumstances warranting equitable tolling. It is well established that "equity is not intended for those who sleep on their rights. *Fisher v. Johnson*, 174 F.3d 714, 715 (5th Cir. 1999).

To the extent petitioner relies on his duty, as a state inmate, to exhaust administrative remedies under 42 U.S.C. § 1997e through the TDCJ's grievance system, his claim is unavailing. (*See* Pet's Oct. 19 and Dec. 4, 2009 Supplemental Responses at 2-3). As noted previously, neither his 2007 letter to the State Counsel for Offenders nor his August 2009 letter to Ms. Tisdale can be construed as a grievance. (*See* Attachments to Dec. 4, 2009 Supplemental Response).

In his supplemental response, Petitioner relies at length on his *pro se* status, incarceration, and ignorance of the law to justify equitable tolling. It is well settled, however, that ignorance of the law, lack of legal assistance, and *pro se* status, even for an incarcerated prisoner, generally do not warrant equitable tolling. *Felder v. Johnson,* 204 F.3d 168, 172-73 (5th Cir. 2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999); *Fisher,* 174 F.3d at 714; *see also Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling).

The party seeking equitable tolling has the burden of showing entitlement to such tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Because petitioner has not carried his burden, in the exercise of discretion the district court should refuse to apply equitable tolling and dismiss the habeas petition as time barred.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d); Rule 4 of the Rules Governing § 2254 proceedings.

Signed this 11th day of December, 2009.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.